## Lerman, Appellant, *v.* Rudolph.

556

Argued November 18, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*Norman P. Zarwin,* with him *Zarwin, Prince & Baum,* for appellant.

*David J. Dean,* with him *Dean and Dean,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

Appellant filed an.action.of. assumpsit against David M. Rudolph, individually and Trading as David M. Rudolph Agency [Rudolph] and Life Assurance Co. of Pa. [Life] seeking the recovery of certain renewal commissions allegedly owing to him. His complaint recited that he had entered into a written contract, a copy of which was attached to the complaint, with both defendants, providing for his employment in the sale of insurance policies written by Life, Rudolph being Life's general agent. He further averred that, after about three and one-half years, his employment was terminated but that he was nevertheless entitled to commissions on premiums for policy renewals paid by insureds procured by him during his employment.

Life demurred to the complaint, contending that the complaint, together with the attached contract, made out no cause of action against it, it appearing from the pleading that Life was not a party to the contract sued upon. The court below sustained the demurrer and dismissed the complaint as to Life. Appellant petitioned for leave to amend the complaint in order to show that Rudolph was acting as agent for Life in entering into the contract and that Life was therefore liable on a "principal agency theory". The court below refused to allow the amendment and appellant has appealed from the dismissal of the complaint as to Life and the refusal to allow an amendment.

Appellant contends that the court below erred in sustaining Life's demurrer because he had pleaded that Life was a party to the contract sued upon. Appellant goes on to reason that all well pleaded facts must be accepted as true for purposes of a demurrer and, therefore, he had sufficiently pleaded a cause of action against Life. The complaint contained the following paragraphs, relied on by appellant in connection with this argument:

"4. On August 1, 1958, plaintiff executed a written contract with defendants, a copy of which is attached hereto and marked Exhibit 'A', whereby he became an agent employed by defendant David M. Rudolph, ind. and t/a David M. Rudolph Agency for the purpose of representing and selling insurance policies issued by the defendant Life Assurance Company of Pennsylvania.

"5. The said written agreement was duly executed and joined in by the duly authorized official of the defendant Life Assurance Company of Pennsylvania."

. While appellant is correct in his general statement, reference to the above quoted paragraphs of the complaint will show that the "facts" pleaded are in actuality conclusions of law. A demurrer does not

admit conclusions of law or unjustified inferences. 1 Goodrich-Amram, Sec. 1017(b)-11. Here, reference to the contract itself indicates that Life was not a party thereto. The document shows distinctly that Life merely acknowledges the filing of a copy of it in Life's office, all of the reciprocal duties and obligations of the contract being between Rudolph and appellant.

Nor can appellant successfully argue that the court below should have overruled the demurrer because there was a cause of action established on an agency theory of liability. While we agree with appellant's position that a demurrer should not be sustained where there is a *possible* theory under which the complaint might be self-sustaining, we find, here, no such possibility. It is clear that Rudolph was Life's agent. This relationship alone does not, however, give rise to a cause of action for compensation by appellant, a sub-agent, against Life.

Section 458 of the Restatement, Agency deals with the problem as follows: "The authorized employment of a subagent by an agent does not subject the principal to liability to compensate the subagent for his services, nor to other contractual liability. . . ."

Comment a. to Sec. 458 states: "If an agent employs a subagent, the agent is the employing person and the principal is not a party to the contract of employment, except where, by express promise or otherwise, he becomes a surety. He is not, therefore, subject to pay the agreed compensation, nor is he subject to contractual liability to indemnify the subagent, . . . or to keep accounts".

In *McKnight v. Peoples-Pittsburgh Trust Co.,* 360 Pa. 290, 61 A. 2d 820 (1948), we adopted the Restatement view and we find that view applicable to the instant case.

Having so concluded, we find no error in the refusal of the court below to allow appellant to amend.

in the manner proposed by him. The proposed amendment was before the court when it refused to allow it. The proposed amendment no more stated a cause of action against Life than did the original complaint and, therefore, leave to file it was properly refused. Cf. *Kaufman H. & Rest. Co. v. Thomas,* 411 Pa. 87, 190 A. 2d 434 (1963).

Order affirmed.