491 A.2d 207

**Louise CRIVELLARO, Appellant,**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY Deborah Bern d/b/a Employee Consultation Service and A.D. Gosman d/b/a Spofford Hall**

v.

**Salomon BENSIMHON, M.D.**

Superior Court of Pennsylvania.

Argued Aug. 22, 1984.

Filed April 4, 1985.

174

Paul F. McHale, Jr., Bethlehem, for appellant.

Lynn S. Palenscar, Philadelphia, for appellee.

Before McEWEN, OLSZEWSKI and HOFFMAN, JJ.

McEWEN, Judge:

We here consider an appeal from an order which sustained the preliminary objections in the nature of a demurrer filed by appellee A.D. Gosman, d/b/a Spofford Hall (appellee), to two counts of appellant's seven count amended complaint.[1] Appellant raises two issues in this appeal: (1) whether appellant's amended complaint properly pleads a cause of action for negligent infliction of emotional distress and (2) whether appellant's amended complaint

---

1. The two counts which we here study contained the only allegations against appellee A.D. Gosman d/b/a Spofford Hall. This Court, therefore, is vested with jurisdiction of this appeal since the order effectively terminated appellant's action against that appellee. *See Canulli v. Allstate Insurance Co.,* 315 Pa.Super. 460, 462 A.2d 286 (1983).

properly pleads a cause of action for "professional malpractice". We are constrained to reverse the order.

The facts of the instant case are quite ably summarized in the earlier ruling and opinion of the distinguished Judge James N. Diefenderfer upon the demurrer of appellee to the original complaint: [2]

"Since March 24, 1975, [appellant] has been employed as a secretary by PP & L. [Appellant] alleges that on September 22, 1980, at approximately 11:00 A.M., she was called into Mr. C.D. Caliendo's office, one of the attorneys in the legal department at PP & L for whom she worked, and he informed her that an appointment had been scheduled for 11:30 A.M. the same day for her with defendant Bern, a social worker employed by the Employee Consultation Service (ECS). ECS is an employee assistance program sponsored by PP & L to provide free professional and confidential counseling to employees concerning problems affecting their job performance. ECS is alleged to be an agent, servant, and employee of PP & L. Further, defendant Bern is alleged to be an agent, servant and employee of PP & L.

When [appellant] met with defendant Bern, it is alleged that Ms. Bern told her that she was "on the verge of being fired" and repeatedly indicated that if [appellant] did not submit to counseling, her employment with PP & L would be terminated. ([appellant's] complaint, paragraphs 24, 25, hereinafter C.P.). Between September 22 and September 30, 1980, [appellant] met with defendant Bern on four separate occasions throughout which [appellant] claims defendant Bern said [appellant] was suffering from chronic drug dependency which would require treatment at a "psychiatric care facility known as Spofford Hall." (C.P. 29). It is further alleged that defendant Bern told [appellant] that her continued employment

2. Appellant, upon a successful demurrer by appellee to her original complaint in this action, was given leave to file the amended complaint which we here review.

at PP & L was dependent upon her completion of a thirty day residential counseling program at Spofford Hall.

During her stay at Spofford Hall, [appellant] claims that she did not receive the treatment that was promised her by defendant Bern, in that she never received any type of professional psychiatric help, but rather was subject to an intensive and abusive alcohol and drug detoxification program. Also, [appellant] alleges she was told by the agents, servants, and employees of Spofford Hall that her failure to complete the program would result in termination of her employment with defendant PP & L, and that as a result, [appellant] remained there for thirty-three days. [Appellant] maintains that she is currently free from any sort of drug use or dependency and has never been subject to the influence of any addictive drugs.

Appellant first asserts that the trial court erred when it sustained appellee's demurrer to the allegation of negligent infliction of emotional distress. Our scope of review of such a claim is described in *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 124, 437 A.2d 1236, 1237 (1981):

It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph*, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained. Finally, where the propriety of an order sustaining a demurrer is being reviewed by a court of last resort, the fact that

the theory for recovery relied upon has not been previously sanctioned, is not conclusive. It must be remembered that "[e]very cause of action ..., was once a novel claim [and] that the absence of Pennsylvania authority for appellant's proposition is not an end to the issue." *Papieves v. Lawrence,* 437 Pa. 373, 376–77, 263 A.2d 118, 120 (1970).

*Banyas v. Lower Bucks Hospital, supra,* 293 Pa.Superior Ct. at 124, 437 A.2d at 1237 *quoting Sinn v. Burd,* 486 Pa. 146, 149–51, 404 A.2d 672, 673–74 (1979).

We commence our study by noting that the Pennsylvania Courts have adopted the Restatement (Second) Torts Sections 436 and 436A which provide:

**§ 436. Physical Harm Resulting from Emotional Disturbance**

(1) If the actor's conduct is negligent as violating a duty of care designed to protect another from a fright or other emotional disturbance which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability.

(2) If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

(3) The rule stated in Subsection (2) applies where the bodily harm to the other results from his shock or fright at harm or peril to a member of his immediate family occurring in his presence.

**§ 436A. Negligence Resulting in Emotional Disturbance Alone**

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional

disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

*Banyas v. Lower Bucks Hospital, supra* 293 Pa.Super. at 128, 437 A.2d at 1239. Moreover, Comment c to Section 436A states:

The rule stated in this Section applies to all forms of emotional disturbance, including temporary fright, nervous shock, nausea, grief, rage, and humiliation. The fact that these are accompanied by transitory, nonrecurring physical phenomena, harmless in themselves, such as dizziness, vomiting, and the like, does not make the actor liable where such phenomena are in themselves inconsequential and do not amount to any substantial bodily harm. On the other hand, long continued nausea or headaches may amount to physical illness, which is bodily harm; and even long continued mental disturbance, as for example in the case of repeated hysterical attacks, or mental aberration, may be classified by the courts as illness, notwithstanding their mental character. This becomes a medical or psychiatric problem, rather than one of law.

The trial court found that the bodily harm purportedly suffered by appellant was not of the severity required by Section 436A. We cannot agree since the third count of appellant's amended complaint against appellee contains the following averment: [3]

59. ... Plaintiff Louise Crivellaro has suffered from severe emotional distress and related physical trauma, including intense headaches, uncontrollable shaking, involuntary hyperventilation and shortness of breath, frequent nightmares, inability to control bowels, upset stomach, and an intense tightening of the muscles in the neck,

---

**3.** Although appellant, in count three of her complaint, did not specifically state that her injuries were of a continuing nature, we note these same injuries averred in other counts of the amended complaint, including count five, were alleged to be unremitting, we will not, therefore, defeat appellant's cause of action as a result of such a *de minimis* omission.

back and chest which produced severe pain lasting several days following each incident.

This Court, in *Banyas*, ruled that a plaintiff fails to state a cause of action based on negligent infliction of emotional distress where the complaint contains no averment of physical harm. The amended complaint of appellant, however, has enumerated various injuries which purportedly resulted from the negligence of appellee. We are of the view that these alleged injuries are of much greater magnitude than the "transitory, non-recurring physical phenomena" contemplated by Section 436A. We further note that the "bodily harm" alleged herein is equivalent to or surpasses the kind of physical injury deemed by other jurisdictions. to be necessary for recovery of damages for negligent infliction of emotional distress. *See Haught v. Maceluch*, 681 F.2d 291, 299 n. 9 (5th Cir.1982) (under Texas law, depression, nervousness, weight gain, and nightmares are equivalent to physical injury); *Gnirk v. Ford Motor Co.*, 572 F.Supp. 1201 (D.C.S.D., 1983) (depression and insomnia constitute physical injury); *D'Ambra v. United States*, 396 F.Supp. 1180, 1183–84 (D.C.R.I.1973) ("psychoneurosis" or acute depression, constitutes physical injury); *Eyrich v. Dam*, 193 N.J.Super. 244, 473 A.2d 539 (1984) (excessive drinking, "suicidal ideation, insomnia, depression, hallucinations constitute physical injury); *Corso v. Merrill*, 119 N.H. 647, 658, 406 A.2d 300, 307 (1979) (depression constitutes a physical injury); *Mobaldi v. Board of Regents*, 55 Cal.App.3d 573, 578, 127 Cal.Rptr. 720, 723 (1976) (depression and weight loss constitute physical injury), *overruled on other grounds, Baxter v. Superior Court*, 19 Cal.3d 461, 138 Cal.Rptr. 315, 563 P.2d 871, 874 (1977); *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214, 216, 220 (1973) (anxiety reaction, phobia and hysteria constitute physical injury); *Daley v. La Croix*, 384 Mich. 4, 179 N.W.2d 390, (1970) (weight loss and nervousness constitute physical injury); *Toms v. McConnell*, 45 Mich.App. 647, 657, 207 N.W.2d 140, 145 (1973) (depression constitutes physical injury). Thus, we conclude that the physical injury here averred was

of sufficient magnitude to sustain a cause of action for negligent infliction of emotional distress and, therefore, reverse with regard to count three of the complaint.

■ Appellant also argues that the trial court erred when it sustained appellee's demurrer to appellant's allegation of "professional malpractice." Such a cause of action will permit recovery only when appellant alleges and proves (1) that appellee A.D. Gosman, d/b/a Spofford Hall owed a duty to her, (2) that appellee breached that duty and (3) that this breach was the proximate cause of her alleged injuries. *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 465 A.2d 1231 (1983); *Rubin v. Hamot Medical Center*, 329 Pa.Super. 439, 478 A.2d 869 (1984). Appellant sets forth the following averments in count five of appellant's amended complaint:

66. Defendant A.D. Gosman d/b/a Spofford Hall, owed Plaintiff Louise Crivellaro the duty to possess and exercise that degree of professional skill and knowledge ordinarily possessed and exercised by practitioners within the field of psychiatric care and personal counseling.

67. Defendant A.D. Gossman d/b/a Spofford Hall, acting by and through his duly authorized agents, servants and employees, within the course and scope of their employment, violated the aforesaid duty of care and committed malpractice upon the Plaintiff Louise Crivellaro in all of the following particulars:

A. Improperly diagnosing the Plaintiff's condition;

B. Failing to perform requisite diagnostic tests and examinations;

C. Failing to timely perform requisite diagnostic tests and examinations;

D. Improperly performing requisite tests and examinations;

E. Failing to possess the requisite degree of knowledge and skill necessary for the proper performance and reading of tests and examinations performed on Plaintiff;

F. Failing to obtain informed consent from Plaintiff;

G. Failing to procure a proper consulting opinion concerning Plaintiff's condition, diagnosis and treatment;

H. Failing to properly treat, care and counsel the Plaintiff; especially by negligently subjecting the Plaintiff to an intensive and abusive drug and alcohol detoxification program, when in fact, the Plaintiff was neither a drug addict nor an alcoholic.

68. As a direct and proximate result of the conduct of Defendant A.D. Gosman d/b/a Spofford Hall, acting by and through his duly authorized agents, servants and employees, within the course and scope of their employment, Plaintiff Louise Crivellaro sustained severe personal injuries from which she will continue to suffer in the future; the full extent of these injuries is not completely known but includes severe emotional distress and related physical trauma, specifically intense headaches, uncontrollable shaking, involuntary hyperventilation and shortness of breath, frequent nightmares, inability to control bowels, upset stomach, and an intense tightening of the muscles in the neck, back and chest which produced severe pain lasting several days following each incident.

69. As a direct and proximate result of the conduct of Defendant A.D. Gossman d/b/a Spofford Hall, acting by and through his duly authorized agents, servants and employees, within the course and scope of their employment, Plaintiff Louise Crivellaro has been obligated to expend large sums of money for medical and psychiatric care in an effort to effect a cure of her injuries and she will be obligated to expend said sums for an indefinite time in the future.

While the eminent hearing judge has expressed the rationale for his conclusion in quite persuasive fashion, we are compelled to disagree since we are of the view that appellant has, in these paragraphs, alleged that appellee owed her a duty, that appellee breached that duty and that this breach was the proximate cause of her injuries. As a result, we conclude that the complaint has set forth a cause

of action for malpractice and, therefore, also reverse the order with regard to count five.

Since we are of the view that appellant has successfully pleaded causes of action for negligent infliction of emotional distress and for medical malpractice, we reverse the order which sustained appellees' preliminary objections in the nature of a demurrer.

Order reversed.