## Geisinger Medical Center v. Salerno

*John McLaughlin,* for plaintiff.
*Thomas F. Burke, Jr.,* for defendant.

MYERS, *P.J.,* August 25, 1986—Plaintiff instituted the instant action to recover monies allegedly due from defendant for medical services rendered to defendant's now-deceased spouse, Eleanor Salerno. Defendant filed preliminary objections in the nature of a demurrer. Preliminary objections have been briefed by counsel and are now ready for disposition.

A demurrer admits to all well-pleaded facts and all inferences fairly deducible therefrom. Bogash v. Elkins, 405 Pa. 437, 176 A.2d 677 (1962). Conclusions of law or unjustified inferences are not deemed admitted. Lerman v. Rudolph, 413 Pa. 555, 198 A.2d 532 (1964).

Defendant acknowledges that he was the husband of Eleanor Salerno during the period of her treatment provided by plaintiff. It is also admitted that Eleanor Salerno received the medical services in question, and that the costs of those services were reasonable.

The issue is whether or not defendant is liable for those medical services rendered to his now-deceased spouse under the "doctrine of necessaries" following the passage of the Pennsylvania Equal Rights Amendment, Article 1, section 28 of the Pennsylvania Constitution.

The "doctrine of necessaries" provides that a husband may be held liable for the "necessary" goods and services provided to his wife or family, despite the absence of any express written consent on his part.

The Equal Rights Amendment provides that there shall be no abridgement of equality of rights because of sex.

The question we must resolve is whether the Equal Rights Amendment mandates that the "doctrine of necessaries" be totally abrogated, or does the amendment simply extend the doctrine to render the wife responsible for necessaries provided to her husband, as well as vice versa.

The decisions on this issue to date have split, with some calling for abrogation and others for extension of the doctrine to include both spouses. For abrogation: Nan Duskin v. Parks, 11 D.&C.3d 299 (1978), and Albert Einstein Medical Center v. Nathans, 27 Fiduc. Rep. 561 (1977). For extension: Park Avenue Hospital v. Klees, 20 D.&C.3d 124 (1981), and Albert Einstein Medical Center v. Gold, 66 D.&C.2d 347 (1974). All prior cases have been decided at the common pleas level, with no appellate court rulings to date.

In Park Avenue Hospital, the court agreed that the Equal Rights Amendment abrogated the common-law "doctrine of necessaries." However, the court set forth the proposition that in place of the previous principle of law, each spouse is primarily responsible for necessaries furnished to himself or

herself, and is secondarily liable for those furnished to the marital partner.

The decisions in favor of abrogation argue that after abrogation, no extension should be promulgated by the judiciary, but the issue should be resolved by the legislature.

It should be noted that the "doctrine of necessaries" was a judicially created doctrine and has developed by court action in the common law. The courts in applying this doctrine and in crafting its suitable application over the years have not been enacting statutes, or thwarting laws enacted by the legislature. Rather, the doctrine has been applied by the courts in view of valid public-policy concerns bottomed upon changes in the law and societal mores.

We reject the concept that the Equal Rights Amendment eliminates policy considerations which recognize and compensate the benefactor of a husband, wife or child who provides a "necessary" good or service. Further, we believe certainty of compensation will encourage present and potential providers of necessaries to continue to render such benefits.

Although each spouse may now stand as secondarily liable for the provision of necessaries to the other, the obligation is essentially mutual in nature. As rights have been extended by law, so must responsibilities be correspondingly extended.

Therefore, we deny defendant's preliminary objections.

## ORDER OF COURT

And now, this August 25, 1986, we deny defendant's preliminary objections. Defendant is granted leave to file an appropriate responsive pleading to plaintiff's complaint within 20 days from service of this order.