589 A.2d 1143

**Marilyn D. ABADIE, Appellant,**

v.

**RIDDLE MEMORIAL HOSPITAL.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1991.

Filed April 23, 1991.

John M. Hickey, Media, for appellant.
Susan L. Wallack, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from an Order sustaining preliminary objections in the nature of a demurrer to appellant's two-count amended Complaint.

According to the allegations of her amended Complaint, appellant was a patient at appellee hospital where she was to undergo a lower gastrointestinal x-ray. She was placed upon a table in the x-ray room with an intravenous needle in

her arm. However, the attendant had then left the room. Shortly thereafter, appellant heard loud, roaring noises, laughter and vulgar language. Appellant averred that the noise was caused by a birthday celebration for a hospital employee. As a gift to the employee, the other employees had hired a male dancer dressed in a gorilla outfit to strip. Appellant claimed that she was already emotionally fragile and suffered from severe anxiety disorders and that appellee's employees, by their conduct, had intentionally and negligently caused her emotional distress.

Appellee filed preliminary objections in the nature of a demurrer on the basis that (1) no cause of action exists in this jurisdiction for the tort of intentional infliction of emotional distress and, even if it were recognized, the facts of the amended Complaint are insufficient to set forth a cause of action for intentional infliction of emotional distress; (2) the tort of "abandonment" does not exist in Pennsylvania and, even if it were cognizable in this jurisdiction, the facts in the Complaint do not support this cause of action;[1] and (3) no claim can be made for punitive damages if the underlying cause of action is not sustainable. The court sustained appellee's preliminary objections, whereupon this appeal followed.

We first note the guidelines which we must follow in reviewing the propriety of an Order granting preliminary objections in the nature of a demurrer. Preliminary objections in the nature of a demurrer admit the truth of the factual averments of the Complaint, but not conclusions of

1. The trial court in its Opinion and appellee in its Brief to this court discuss this tort. However, the trial court states that appellee has mischaracterized appellant's claim of negligent infliction of emotional distress as one of abandonment. The court stated "[Appellant's] counsel claims that the case does not charge [appellee] with abandonment but rather that abandonment was part and parcel of the [appellee's] negligence." Opinion, 6. Moreover, in her Statement of the Case portion of her appellate Brief, appellant advises this court that she "never alleged abandonment but only used the word abandonment among other words to describe the negligence of Appellee." [Pages unnumbered]. Therefore, we will treat appellant's claim of abandonment as one alleging negligent infliction of emotional distress.

law, as well as all reasonably deducible inferences therefrom. The demurrer must be dismissed if the averments of the Complaint set forth a cause of action which, if proven, would entitle the party to relief. If the Complaint fails to set forth a cause of action, the demurrer must be sustained. *Crivellaro v. Pennsylvania Power & Light Co.*, 341 Pa.Super. 173, 491 A.2d 207 (1985); *Banyas v. Lower Bucks Hospital*, 293 Pa.Super. 122, 437 A.2d 1236 (1981), *citing Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979).

■ Appellant's first argument on appeal is that her Complaint does make out a cause of action for negligent infliction of emotional distress as a result of the conduct of appellee's employees. Appellant argues that the averments in the amended Complaint of her emotionally and psychologically fragile condition plus the fact that appellee knew that she did suffer from anxiety neurosis are sufficient to sustain her claim. It is apparent from amended Complaint that she is alleging infliction of emotional distress, only, as a result of appellee's conduct. Negligent infliction of emotional distress is the subject of Section 436A of the Restatement (Second) Torts.

> If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

Comment a to this section explains:

> Under the rule stated in this Section, the negligent actor is not liable when his conduct results in the emotional disturbance alone, without the bodily harm or other compensable damage.

The above section of the Restatement and its accompanying Comment have been interpreted as requiring an averment of physical harm. *Banyas, supra. See also Sinn v. Burd, supra,* and *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970), which discuss the requirement of physical harm resulting from emotional disturbance as set forth in

the Restatement (Second) Torts § 436. The *Banyas* requirement for pleading a cause of action for negligent infliction of emotional distress is now well-established. *Houston v. Texaco, Inc.*, 371 Pa.Super. 399, 538 A.2d 502 (1988); *Reimer v. Tien*, 356 Pa.Super. 192, 514 A.2d 566 (1986); *Lazor v. Milne*, 346 Pa.Super. 177, 499 A.2d 369 (1985); *Justice v. Booth Maternity Center*, 345 Pa.Super. 529, 498 A.2d 950 (1985), *reversed on other grounds*, 510 Pa. 429, 509 A.2d 838 (1986); *Crivellaro, supra.*

Appellant states in her Brief to this court that she has alleged in her amended Complaint emotional and psychological damage. We have examined her amended Complaint and find this to be so. At the same time, however, and despite appellant's assertion to the contrary, we find wholly absent from the amended Complaint any averments of physical harm, injury or illness occurring as a result of appellee's conduct. Although appellant does aver in her amended Complaint that she is suffering from psychological factors affecting her physical condition and, further, that she will be required to expend substantial sums of money for medical care for her injuries, she does not plead the nature of her physical ills or injuries.[2]

For example, in *Crivellaro, supra*, Ms. Crivellaro averred in her amended Complaint that she "ha[d] suffered from severe emotional distress and related physical trauma, including intense headaches, uncontrollable shaking, involuntary hyperventilation and shortness of breath, frequent nightmares, inability to control bowels, upset stomach, and an intense tightening of the muscles in the neck, back and chest which produced severe pain lasting several days...."

**2.** Appellant was given the opportunity to amend her Complaint after appellee had filed preliminary objections in the nature of a demurrer to the initial Complaint. As we have seen, however, she has not taken advantage of that opportunity to allege any specific physical injuries or ills emanating from the alleged infliction of emotional distress as required by *Banyas, supra in text.* The only amendment which appellant has offered is the addition of averments relating to appellee's negligent abandonment of her. We have decided to treat this additional claim as one for negligent infliction of emotional distress. *See* note 1, *supra.*

341 Pa.Super. 179–80, 491 A.2d 210. Therefore, on the basis of *Banyas* and its progeny, we conclude that the trial court was correct in sustaining appellee's demurrer to this claim.

In her second issue on appeal, appellant asserts that her amended Complaint states a cause of action for intentional infliction of emotional distress on the part of the employees of appellee because of the outrageousness of their conduct. This type of conduct is explained in Section 46(1) of the Restatement (Second) Torts.

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

The gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor. *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (1987). However, in that case, our supreme court imposed, as a threshold requirement to determining whether specific conduct of which a party complains reaches the level of outrageousness under Section 46 of the Restatement (Second) Torts, an allegation of physical injury or harm. The *Kazatsky* court explained, "Given the advanced state of medical science, it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's 'outrageousness' without expert medical confirmation that the plaintiff actually suffered the claimed distress." 515 Pa. at 197, 527 A.2d at 995. What is required, according to *Kazatsky,* is "some objective proof of severe emotional distress." *Id.* "At the very least, existence of the alleged emotional distress must be supported by competent medical evidence." *Id.* Because the Kazatskys failed to present evidence which would have established their right of recovery under Section 46 of the Restatement (Second) Torts, the supreme court did not consider it necessary to determine whether King David's conduct reached the level of outrageousness required to sustain a claim

14

under Section 46 and refused to adopt that section of the Restatement as the law in this Commonwealth.

The decisions of this court are in accord with *Kazatsky*. *Field v. Philadelphia Electric Co.*, 388 Pa.Super. 400, 565 A.2d 1170 (1989) (medical assistance for emotional distress must be offered into evidence); *Ford v. Isdaner*, 374 Pa.Super. 40, 542 A.2d 137 (1988) (objective medical proof of emotional distress required; degree of tortfeasor's conduct not outrageous to justify liability under Section 46 in any event).

■ As with her claim of negligent infliction of emotional distress, appellant's claim for intentional infliction of emotional distress must likewise fall for the lack of any averment in her amended Complaint of physical harm, injury or illness occurring as a result of appellee's conduct. See discussion *supra* at 1144. Moreover, we do not believe that her allegations of outrageousness, even if proven, rise to the level of the extreme and outrageous conduct contemplated by the Restatement. The conduct of appellee's employees is not that which "has been so outrageous in character, and so extreme in 'degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) Torts, § 46, Comment d. The Comment further refines liability under this section as follows:

> The liability clearly does not extend to mere insult, *indignities*, threats, *annoyances, petty oppressions, or other trivialities*. The rough edges of our society are still in need of a good deal of filing down, and in the meantime *plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate* and unkind.

*Id;* emphasis supplied. Therefore, on the basis of *Kazatsky* and its progeny, appellee's demurrer was properly sustained.

■ Finally, appellant contends that she is entitled to punitive damages because of the outrageous and extreme

conduct of the employees of appellee. The trial court sustained a demurrer to the second count of appellant's amended Complaint in which she alleges these damages. It is true that punitive damages may be awarded to punish conduct that is so outrageous as to rise to the level of intentional, willful, wanton or reckless conduct. *SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 587 A.2d 702 (1991); *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800 (1989); *Houston, supra;* Restatement (Second) Torts, § 908. However, punitive damages cannot be recovered in the absence of a legally recognized injury. *Houston, supra.* Since appellant has failed to meet the threshold requirement to maintain her cause of action, *see Banyas, supra,* and *Kazatsky, supra,* it logically follows that her claim for punitive damages cannot be sustained. Punitive damages are an element of damages arising out of the initial cause of action. Consequently, if the first cause of action is dismissed, the punitive damage claim cannot stand. *Kirkbride, supra; Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959); *Schecter v. Watkins*, 395 Pa.Super. 363, 577 A.2d 585 (1990). Therefore, the trial court was correct in sustaining appellee's demurrer to the second count of appellant's amended Complaint.

Order affirmed.