Mary **CORBETT**

v.

David **MORGENSTERN, Ph.D; Associates in Psychological and Human Resources, P.C.; Associates in Psychology; and Humanistic Psychotherapy Studies Center, P.C.**

Civil Action No. 95–4776.

United States District Court, E.D. Pennsylvania.

May 16, 1996.

Bruce G. Cassidy, Bruce G. Cassidy and Associates, P.A., Collingswood, NJ, Elena R. Flynn, Sheri Desaretz, P.A., Collingswood, NJ, for Mary Corbett.

Robert M. Britton, Philadelphia, PA, Jeanne M. Proko, Rohde, Daly and Campbell, Philadelphia, PA, for David Morgenstern, PH.D. and Associates in Psychological and Human Resources, P.C.

## *MEMORANDUM*

PADOVA, District Judge.

In this diversity action, Plaintiff Mary Corbett alleges that her former psychotherapist, Defendant David Morgenstern, committed malpractice by initiating and continuing a sexual relationship with Plaintiff during the course of her therapy. Plaintiff asserts various state law tort claims against Defendant Morgenstern ("Defendant") and three affiliated business entities: Defendants Associates in Psychological and Human Resources, P.C.; Associates in Psychology; and Humanistic Psychotherapy Studies Center, P.C. (hereinafter "the Corporate Defendants"). Presently before the Court is Defendant's motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Plaintiff's claims for negligent and intentional infliction of emotional distress and for punitive damages.[1] For the reasons that

---

1. Defendant Morgenstern originally filed a motion to dismiss Count III through Count IX of Plaintiff's Third Amended Complaint. However, by stipulation and Order dated April 12, 1996,

are discussed below, I shall deny Defendant Morgenstern's motion.

## I. STANDARD OF REVIEW

 A claim may be dismissed under Fed.R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *ALA v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Id.; see also Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989) (holding that in deciding a motion to dismiss for failure to state a claim, the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party").

## II. FACTUAL ALLEGATIONS

The Third Amended Complaint (hereinafter "the Complaint") alleges the following facts. Plaintiff started a course of psychotherapy with Defendant Morgenstern in June 1980 and continue therapy with him until September 1993. Plaintiff sought treatment from Defendant for a personality disorder and other psychological problems. In about December 1980 or January 1981, Defendant began a sexual relationship with Plaintiff which continued throughout the period that Plaintiff was Defendant's patient. In September 1993, Plaintiff ceased her relationship with Defendant and came under the care of another therapist. Her new therapist informed Plaintiff that it was a breach of the professional standard of care for Defendant to conduct a sexual relationship with Plaintiff, and Plaintiff discovered through her therapy that the sexual relationship had severely damaged her psychological condition.

Plaintiff's Complaint raises negligence claims alleging that Defendant was reckless and negligent and violated professional standards of care by initiating, carrying on, and not ending his sexual relationship with Plaintiff, and by failing to refer Plaintiff to another therapist, thereby putting his own needs before that of his patient. Plaintiff further alleges that Defendant was negligent in failing to properly treat Plaintiff's borderline personality disorder and other psychological problems caused by Plaintiff's history of childhood sexual abuse. Plaintiff also asserts causes of action against Defendant for both negligent and intentional infliction of emotional distress, and for assault and battery. With respect to the Corporate Defendants, Plaintiff similarly alleges that they were reckless and negligent in failing to stop Defendant's sexual relationship with Plaintiff when they knew or should have known of the relationship, refer her to another practitioner, and properly treat her psychological problems. Plaintiff seeks compensatory damages for her injuries, recovery of the monies she paid to Defendants for her therapy, and punitive damages.

## III. Discussion

### A. Negligent and Intentional Infliction of Emotional Distress [2]

Defendant first argues that Plaintiff's factual allegations fail to state a cause of action for negligent infliction of emotional distress as that tort is defined in Pennsylvania.

 Pennsylvania allows claims for negligent infliction of emotional distress under two sets of circumstances. *Armstrong v. Paoli Memorial Hosp.,* 430 Pa.Super. 36, 633 A.2d 605, 615 (1993) (describing the evolution of the torts of negligent and intentional infliction of emotional distress in Pennsylvania and other jurisdictions), *app. denied,* 538 Pa. 663, 649 A.2d 666 (1994). The first and most

Defendant agreed to withdraw his motion to dismiss with respect to Count IV through Count VIII. Therefore, the motion to dismiss presently before the Court only pertains to Count III (negligent and intentional infliction of emotional distress) and Count IX (punitive damages).

**2.** Jurisdiction is based on diversity, as Plaintiff is a New Jersey resident and both Defendant and

the Corporate Defendants reside or have a principal place of business in Pennsylvania. Accordingly, the Court applies Pennsylvania law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (holding that a district court sitting in diversity must apply the law of the state in which it sits to the facts of the case).

common situation giving rise to a claim is the so-called "bystander" case in which the plaintiff actually observes the defendant injure a close relative, as in *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979). *Armstrong*, 633 A.2d at 615. Second, Pennsylvania also recognizes recovery in situations in which the defendant owes a plaintiff a pre-existing duty of care, either through contract or a fiduciary duty. *Id.* (citing *Crivellaro v. Pennsylvania Power & Light*, 341 Pa.Super. 173, 491 A.2d 207 (1985). Plaintiff's allegations do not fall within the bystander cases, and thus the question presented is whether Plaintiff's Complaint demonstrates that Defendant owed Plaintiff a pre-existing duty of care as a result of a contractual or fiduciary duty.

■ Defendant argues, without refutation by Plaintiff, that there was no contractual relationship between the parties. Instead, Plaintiff argues, over Defendant's objection, that Defendant owed her a fiduciary duty. Plaintiff asserts that the Complaint pled that a psychologist-patient relationship existed between the parties by which Defendant owed Plaintiff a professional duty of care that was in the nature of a fiduciary duty. In support of her argument, Plaintiff first notes that BLACK'S LAW DICTIONARY 625 (6th ed. 1990) defines "a fiduciary" as "[a] person having [a] duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking," and when used as an adjective, defines "fiduciary" as "relating to or founded upon a trust or confidence." Plaintiff further points to *Crivellaro v. Pennsylvania Power & Light*, 341 Pa.Super. 173, 491 A.2d 207 (1985), which was cited by *Armstrong* as a "non-bystander case" in which the Pennsylvania Superior Court recognized a cause of action for negligent infliction of emotional distress. *Armstrong*, 633 A.2d at 615. In *Crivellaro*, the court held that a former patient successfully pled separate causes of ac-

tion for negligent infliction of emotional distress and professional malpractice in a suit brought by a former patient against a psychiatric care facility. *Crivellaro*, 491 A.2d at 210–12.

I find that the Complaint's factual allegations demonstrate that Defendant owed Plaintiff a professional duty of care in the nature of a fiduciary duty. Accordingly, I find that Plaintiff has pled a cause of action for negligent infliction of emotional distress.[3]

■ With respect to Plaintiff's claim for intentional infliction of emotional distress, Defendant contends that this claim must fail because Pennsylvania does not recognize a cause of action for this tort. Specifically, Defendant cites *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988, 988–89 (Pa.1987), in which the Pennsylvania Supreme Court stated that it has never adopted § 46 of the Restatement (Second) of Torts as the law in Pennsylvania.[4] The tort, as it is defined in § 46, has been acknowledged by some Pennsylvania appellate courts, *see Johnson v. Caparelli*, 425 Pa.Super. 404, 625 A.2d 668, 671 (1993) (citations to cases therein), *app. denied*, 538 Pa. 635, 647 A.2d 511 (1994), while at least one appellate court has held that *Kazatsky* makes clear that Pennsylvania does not recognize the tort of intentional infliction of emotional distress. *Ford v. Isdaner*, 374 Pa.Super. 40, 542 A.2d 137, 139 *app. denied*, 520 Pa. 617, 554 A.2d 509 (1988). I note, however, that "the third circuit has confronted this question since *Kazatsky* was decided, and has repeatedly held that Pennsylvania does recognize the tort, in spite of 'speculation' to the contrary raised by *Kazatsky*." *Weinstein v. Bullick*, 827 F.Supp. 1193, 1203 (E.D.Pa.1993) (holding that tort of intentional infliction of emotional distress as defined by § 46 is recognized in Pennsylvania) (citing *Silver v. Mendel*, 894 F.2d 598, 606 (3d Cir.), *cert. denied*, 496 U.S.

---

**3.** I also note that by predicating the negligent infliction claim on a breach of a professional duty of care owed by a psychologist to his patient, we avoid "opening the floodgates of litigation" and thus satisfy a key concern driving Pennsylvania's policy of limiting the tort of negligent infliction of emotional distress. *See Armstrong*, 633 A.2d at 615.

**4.** Restatement (Second) of Torts § 46(1) (1965) states as follows:

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990); *Clark v. Falls,* 890 F.2d 611, 623 (3d Cir. 1989); *Williams v. Guzzardi,* 875 F.2d 46, 51 (3d Cir.1989)). Accordingly, I reject Defendant's argument and find that Pennsylvania recognizes the tort of intentional infliction of emotional distress.[5]

■ Defendant next argues that even if the Court recognizes intentional infliction of emotional of distress as a valid cause of action, the conduct alleged in the Complaint is not so outrageous as to give rise to liability under this tort. "The gravamen of the tort of intentional infliction of emotional distress is outrageous conduct on the part of the tortfeasor." *Abadie v. Riddle Memorial Hosp.,* 404 Pa.Super. 8, 589 A.2d 1143, 1145–46 (1991) (citing *Kazatsky,* 527 A.2d at 991). Such conduct is defined as being

> so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Johnson,* 625 A.2d at 672 (citing Restatement (Second) of Torts § 46 cmt. d) (internal quotation omitted). Under Pennsylvania law, it is for the court to determine in the first instance whether defendant's conduct can be reasonably regarded as so extreme and outrageous to permit recovery. *Cox. v. Keystone Carbon Co.,* 861 F.2d 390, 395 (3d Cir.1988) (citation omitted); *see also* Restatement (Second) of Torts § 46 cmt. h.

In the instant case, Plaintiff alleged that Defendant breached his professional duty of care by, first, initiating and continuing a 12–year sexual relationship with a patient who suffered from a borderline personality disorder and other psychological problems stemming from a history of childhood sexual abuse, and, second, by failing to refer Plaintiff to another practitioner for professional care while carrying on this sexual relationship. I find that Defendant's alleged conduct may be reasonably regarded as so outrageous and extreme as to permit recovery on this tort.

■ Finally, Defendant contends that Plaintiff's claims for both negligent and intentional infliction of emotional distress must fail because Plaintiff has not alleged that she suffered any physical injury.

■ To state a claim for either negligent or intentional infliction of emotional distress under Pennsylvania law, a plaintiff must allege some physical injury, harm or illness caused by the defendant's conduct. *Rolla v. Westmoreland Health Sys.,* 438 Pa.Super. 33, 651 A.2d 160, 163 (1994); *Armstrong,* 633 A.2d at 608–09; *Abadie,* 589 A.2d at 1146.

In this case, Plaintiff alleges that as a result of Defendant's conduct

> Plaintiff has suffered severe psychological damage, has suffered a deterioration of her psychological condition, has suffered severe depression and psychological harm, has been deprived of the opportunity to obtain relief from her psychological condition and has suffered severe physical pain and mental anguish, all of which may continue for an indefinite time in the future to her great detriment and loss.

Pl.'s Compl. at ¶¶ 16, 31. Pennsylvania courts have found that " 'symptoms of severe depression, nightmares, stress and anxiety, requiring psychological treatment, and ... ongoing mental, physical, and emotional harm' " sufficiently state physical harm or injury to sustain causes of action for infliction

---

5. I also note that the *Kazatsky* court did not specifically decline to adopt § 46 and instead left "to another day the question of the viability of section 46 in this Commonwealth." 527 A.2d at 988–89. In fact, the *Kazatsky* court went on to hold "that if section 46 of the Restatement is to be accepted in this Commonwealth, at the very least, existence of the alleged emotional distress must be supported by competent medical evidence." *Id.* 527 A.2d at 995. Thus, while not specifically adopting § 46, the Pennsylvania Supreme Court in *Kazatsky* set forth elements necessary to establish a claim of intentional infliction of emotional distress. *See also Weinstein,* 827 F.Supp. at 1203 (noting that the Pennsylvania Supreme Court "has repeatedly applied the Restatement definition to claims for intentional infliction of emotional distress") (citing *Kazatsky,* 527 A.2d at 991–95).

of emotional distress. *Armstrong,* 633 A.2d at 609 (citing *Love v. Cramer,* 414 Pa.Super. 231, 606 A.2d 1175, 1179, *app. denied,* 533 Pa. 634, 621 A.2d 580 (1992)); *see also Crivellaro,* 491 A.2d at 210–11. Therefore, Plaintiff's allegations of harm are sufficient to allow these claims to go forward.

For these reasons, I will deny Defendant's motion to dismiss Count III (claiming negligent and intentional infliction of emotional distress) of Plaintiff's Complaint.

### B. Punitive Damages

 Defendant also moves to dismiss Plaintiff's punitive damages claim. As the Pennsylvania Supreme Court has held, "[a]ssessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal, Inc. v. Continental Grain Co.,* 526 Pa. 489, 587 A.2d 702, 704 (1991) (citation omitted). Defendant contends that Plaintiff's Complaint has failed to allege misconduct on the part of Defendant that is so "outrageous" as to justify a claim of punitive damages. I disagree.

Plaintiff has raised claims against Defendant for both negligence and the commission of intentional torts. As described more fully above, Plaintiff alleges that Defendant breached his professional duty of care to Plaintiff and that Defendant's conduct was in willful, reckless, and wanton disregard of Plaintiff's welfare. Whether Defendant's actions were so "outrageous" as to support a claim for punitive damages involves factual issues that may not properly be resolved in a motion to dismiss. *C.f. Doe v. Kohn Nast & Graf, P.C.,* 862 F.Supp. 1310, 1329 (E.D.Pa. 1994) (denying summary judgment because "[d]efendants' quarrel over punitives … is that their behavior was not sufficiently egregious to warrant their imposition. That is an issue of fact for the jury"); *SHV Coal,* 587 A.2d at 705 (holding that determination of whether defendant's conduct is outrageous is a question within the factfinder's discretion and will not be disturbed by an appellate court unless discretion has been abused). Therefore, I will deny Plaintiff's motion to dismiss Count IX (the punitive damages claim).

An appropriate Order follows.

### ***ORDER***

**AND NOW,** this 16th day of May, 1996, upon consideration of Defendant's Motion to Dismiss Counts III and IX of Plaintiff's Third Amended Complaint (Doc. No. 19),[6] and Plaintiff's Response in opposition thereto (Doc. No. 24),

**IT IS HEREBY ORDERED THAT** Defendant's Motion is **DENIED.**

Motion to Dismiss Count III and Count IX of Plaintiff's Third Amended Complaint.

---

**6.** Defendant withdrew his motion to dismiss with respect to Count IV through Count VIII (Doc. No. 23). This Order pertains only to Defendant's