649 A.2d 999

**DELAWARE VALLEY TRUCK PARTS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL
BOARD (ESKUCHEN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 1994.

Decided Oct. 21, 1994.

Reargument Denied Dec. 21, 1994.

Howard J. Burk, for petitioner.

Richard R. Di Stefano, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Employer Delaware Valley Truck Parts petitions for review of the March 17, 1994 order of the Workers' Compensation Appeal Board (Board), which reversed the Referee's decision to suspend Claimant Gerald Eskuchen's workers' compensation benefits.

█ The sole issue raised on appeal is whether a light-duty job as a cashier, which Employer referred to Claimant, was actually available to Claimant. Claimant was released to perform that job by his treating physician, whom the Referee found to be credible, but Employer did not inform the prospective employer that Claimant had a lifting restriction of 50 pounds and could sit and stand for 50 minutes to an hour at a

time. The Board found that the cashier position was not actually available to Claimant because Employer did not inform the prospective employer of all of Claimant's physical restrictions and did not present evidence that the prospective employer was willing to consider hiring Claimant with those restrictions. We reverse.[1]

Claimant injured his back and hip on May 18, 1988 while employed as a delivery driver. Employer issued a notice of compensation payable and Claimant began receiving total disability payments in the amount of $188.50 per week based on an average weekly wage of $256.31. On March 15, 1990, Employer filed a petition for modification, alleging that there was work available to Claimant within his capabilities as of September 12, 1989. In his answer, Claimant denied all material allegations in the petition. On May 30, 1990, Referee Beckett issued an order granting supersedeas and reducing Claimant's benefits to the partial disability rate of $24.21 per week. After hearing all the evidence, Referee Poorman concluded that Claimant's benefits should be suspended based on the availability of a job as a cashier at Xpress Service Plaza. The Board reversed.

Employer presented the deposition testimony of Terri Tildon, a certified rehabilitation counselor. Ms. Tildon testified that she interviewed Claimant to ascertain his educational and employment background. She then proceeded to search for appropriate employment for Claimant. She located five jobs, including the job at Xpress Service Plaza, Inc. Ms. Tildon testified that the duties of that job included operating gas machines and a cash register, retrieving items for sale, filling and serving the hot dog machine, light cleaning and lifting up to 5 pounds. (R.R. at 79a, 135a.) The job was accessible by public transportation.

1. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

In her search for appropriate employment for Claimant, Ms. Tildon relied upon the medical reports of Dr. Gabriel Rosales, a board-certified orthopedic surgeon, who examined Claimant at Employer's request. Ms. Tildon also reviewed the medical reports of Claimant's treating physician, Dr. Gene Geld, D.O.

Both Dr. Rosales and Dr. Geld testified on behalf of Employer. Dr. Rosales opined that Claimant had recovered completely from his work injury and was able to return to his pre-injury employment without limitations. Dr. Rosales approved all five positions located by Ms. Tildon for Claimant. Dr. Geld testified that he continues to treat Claimant and that Claimant is unable to return to his pre-injury employment. Dr. Geld, however, opined that Claimant is capable of lifting up to 50 pounds and standing for up to an hour. (R.R. at 22–23a.) Dr. Geld approved three of the five positions located by Ms. Tildon for Claimant. Specifically, Dr. Geld testified that Claimant could perform the duties of the Xpress Service Plaza job as of the date it was offered. (R.R. at 24a.)

Claimant presented the deposition testimony of Dr. Randall Smith, a board-certified orthopedic surgeon, who opined that Claimant was incapable of performing any of the jobs referred by Employer because they would exacerbate his back injury. Dr. Smith testified that his primary concern with the Xpress Service Plaza job was the eight hour day.

Referee Poorman found Dr. Geld's testimony to be more persuasive than the testimony of Dr. Rosales or Dr. Smith. Therefore, he found Dr. Geld's testimony to be credible and accepted it as fact. Referee Poorman concluded that while Claimant had not fully recovered from his work injury, he was capable of performing the three jobs approved by Dr. Geld, including the cashier position at Xpress Service Plaza.

Referee Poorman found Claimant's testimony regarding his continuing neck and back pain to be credible but rejected Claimant's testimony that he is unable to perform the three positions approved by Dr. Geld. Claimant admitted that he did not apply for any of the jobs Employer referred to him. Based on the fact that Claimant does not have a valid driver's

license and that Employer did not present evidence of available public transportation to two of the three jobs approved by Dr. Geld, the Referee found that only the Xpress Service Plaza job was actually available to Claimant. Therefore, Referee Poorman suspended Claimant's workers' compensation benefits because his earning capacity of $280.00 per week at Xpress Service Plaza exceeded his pre-injury wage.

The Board based its reversal of the Referee's decision on the fact that Ms. Tildon admitted she informed prospective employers that Claimant had injured his back in a car accident but that his injury had resolved. She did not inform them of Claimant's 50 pound lifting restriction or his ability to sit for 50 minutes to an hour at a time. The Board concluded that the Xpress Service Plaza job was not actually available to Claimant because the prospective employer had not been fully informed of Claimant's physical restrictions.

■ Employer filed its petition to modify Claimant's workers' compensation benefits based on the four-prong test applied by the Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Under *Kachinski*, an employer seeking to modify a claimant's benefits on the basis that the claimant has recovered some or all of his ability must produce medical evidence of a change in condition. The employer must then produce evidence of referrals to then open jobs which fit the occupational category for which the claimant has been cleared. The burden then shifts to the claimant to prove that he has acted in good faith on following up on those referrals.

The Board concluded that Employer did not meet its burden under the second prong of *Kachinski* because it did not prove that the Xpress Service Plaza job to which it referred Claimant was "actually available" to Claimant. The Board appears to interpret *Kachinski* as requiring that an employer provide a prospective employer with all of a claimant's physical limitations regardless of their relevancy to the referred job's duties before the prospective employer can be found to

have agreed to consider the claimant for the position. We disagree with this interpretation of the law and its application to these facts.

In *Kachinski,* the Supreme Court accepted the definition of "actually available" enunciated by Judge Rogers of this Court:

A position may be found to be actually available, or within the claimant's reach, only *if it can be performed by the claimant,* having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other *relevant* considerations, such as his place of residence.

*Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 91 Pa.Commonwealth Ct. 543, 546, 498 A.2d 36, 38–39 (1985) (Rogers, J.) (Emphasis added). The import of Judge Roger's quote is that a job which a claimant can perform with his physical restrictions is actually available to him.

In a recently filed opinion of this Court, we expanded the Supreme Court's analysis in *Kachinski* to the issue of what information needs to be provided to the prospective employer regarding the claimant's capabilities and decided that an employer need not provide a prospective employer with *all* medical information regarding a claimant's condition. *Oscar Mayer Food Corporation v. Workmen's Compensation Appeal Board (McAllister),* 167 Pa.Commonwealth Ct. 370, 648 A.2d 116. In *Oscar Mayer,* the employer provided the prospective employers with information regarding the claimant's physical limitations found on the claimant's functional capacities form. The employer did not relay the details of contesting doctors' conflicting medical opinions nor the precise nature of the claimant's disability. We concluded that *Kachinski* and its progeny only require an employer to inform a prospective employer of the category of work for which the claimant has been cleared to perform and the claimant's physical limitations.

The facts presented to us in our case are slightly different from those in *Oscar Mayer.* In this case, Employer

did not provide the prospective employers with Claimant's physical limitations. Those limitations, however, were not relevant to the duties required by the referred job. The job description for the Xpress Service Plaza position provided for a lifting requirement of only 5 pounds. Claimant was restricted from lifting more than 50 pounds. It is obvious Claimant would have no problem meeting the lifting requirement. Further, Claimant was capable of standing for 50 minutes to an hour at one time. He was also able to sit for 50 minutes to an hour at one time. The cashier position did not require Claimant to sit for longer than a half hour or stand for longer than 15 minutes at one time. (R.R. at 135a, 221a.) Most important, Claimant's treating physician believed that the cashier position's duties were within Claimant's physical limitations.

In support of its decision to reverse the Referee's decision, the Board cited this Court's opinion in *Young v. Workmen's Compensation Appeal Board (Weis Markets, Inc.)*, 113 Pa.Commonwealth Ct. 533, 537 A.2d 393 (1988), *petition for allowance of appeal denied*, 520 Pa. 622, 554 A.2d 513 (1988). The facts in *Young*, however, are clearly distinguishable. In that case, we concluded that a job was not actually available to the claimant because the vocational counselor who referred jobs to the claimant did not inform any of the prospective employers that the claimant was a Methadone addict who had undergone seven back operations in three years and had not worked in six years. Some of the jobs referred to the claimant required extensive walking. It is clear that a prospective employer would need to know of these severe restrictions on a claimant's abilities before considering him for a job.

Claimant, however, does not have such severe physical limitations and the jobs referred to Claimant did not require him to exceed those few restrictions imposed on him by his injury.

Under these facts, we cannot conclude that the cashier position was not "actually available" to Claimant simply because Employer failed to reveal irrelevant facts concerning Claimant's physical limitations. A reasonable employer would not need to know that a claimant was unable to perform duties

that were not required by the position. Therefore, we conclude that under the facts of this case, Employer was required to relay to the prospective employer only those physical restrictions that are relevant to the duties of the job referred to Claimant.

For the reasons stated above, we reverse the order of the Board and reinstate the Referee's decision to grant Employer's modification petition.

## ORDER

**AND NOW,** this 21st day of October, 1994, the order of the Workers' Compensation Appeal Board dated March 17, 1994 at A91–2558 is hereby reversed and the Referee's decision to grant Employer's modification petition is hereby reinstated.