**Marquis LATHILLEURIE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Tom McMackin CITGO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 3, 1995.

Decided June 15, 1995.

F. Barbara Danien, for petitioner.

Christine M. Brenner, for respondent.

Before PELLEGRINI, and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Judge.

Marquis Lathilleurie (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision granting the petition for modification filed by Thomas McMackin Citgo (Employer). We affirm.

Claimant sustained an on-the-job back injury in 1987, and began receiving temporary total disability benefits. On October 26, 1990, Employer filed a petition for modification or termination alleging that as of August 20, 1990, Claimant was capable of returning to work and that there was work available for him.

In support of its petition, Employer presented the testimony of Easwaran Balasubramanian, M.D., a board-certified orthopedic surgeon, who examined Claimant at Employer's request on July 26, 1990. Based upon his examination of Claimant, Dr. Balasubramanian was of the opinion that even though Claimant was unable to return to the type of work he did at the time of his injury, he was able to perform the following: sit for six hours in an eight-hour work day, stand and walk for four hours, lift frequently up to ten pounds and occasionally up to twenty-five pounds and carry the same, do repetitive movements of the hand and use his feet for repetitive motions, and bend at the knees occasionally and squat occasionally. Based on these findings, Dr. Balasubramanian approved eight jobs which Claimant was physically capable of performing.

Employer also presented the deposition testimony of Paul C. Morrison, a vocational rehabilitation counselor, regarding efforts undertaken to obtain job referrals for Claimant. Additionally, Employer presented surveillance evidence, including a video tape and testimony and report from the investigator, Bruce Keyser.

In opposition to Employer's petition, Claimant testified and presented the deposition testimony of Richard S. Glick, D.O., board certified in obstetrics and gynecological surgery. Dr. Glick testified that Claimant was unable to work at all as of the date of his most recent examination, December 5, 1991.

On February 19, 1993, the referee issued a decision and order granting the modification petition based upon findings that two jobs, at Wackenhut Security and General Security Company, were available to Claimant. On appeal, the Board affirmed the referee's decision. Claimant's appeal is now before us for review.[1]

■ Claimant argues, initially, that the referee erred as a matter of law in allowing Employer to present its surveillance evidence when it had not complied with Section 131.61 of the Special Rules of Administrative Practice and Procedure Before Referees (34 Pa. Code § 131.61), regarding the exchange of documents and records. Section 131.61 requires parties to exchange all evidence, which is not available at the time of the first hearing, within ten days of a party's receipt of the item or information. Evidence not provided within the time period "will not be admitted, relied upon or utilized in the proceedings or referee's rulings." (34 Pa.Code § 131.61(d).)

According to Claimant, the surveillance report, which was dated August 3, 1992, was not supplied to Claimant's counsel until a hearing held on August 24, 1992. At that hearing, Claimant's counsel objected to Employer's request for a continuance to present its surveillance evidence, including the video and testimony of the investigator, because the surveillance report had not been timely provided to Claimant's counsel in compliance with Section 131.61. Employer's counsel argued that since it had not received the surveillance report until August 19, 1992, it was in fact provided to Claimant's counsel within ten days.

The referee admitted the surveillance evidence, over Claimant's counsel's objection, and did utilize it in reaching her decision. Her findings of fact included the following:

15. Bruce Keyser testified concerning video tape surveillance taken of Claimant over the course of approximately nineteen hours showing him working at the Ll Trini's Cafe, mopping up and washing a win-

dow at the cafe, waiting on customers and running errands to various locations like the wholesale grocers.

16. Claimant did not rebut the video tape surveillance film, but testified that he was not working at the Ll Trini's Cafe.

25. The Referee finds the testimony of Bruce Keyser credible and persuasive and the Referee accepts it as fact.

26. The Referee finds that the surveillance films and testimony of Mr. Keyser shows Claimant working at the Ll Trini's Cafe and performing physical labor and the Referee accepts Claimant's ability to perform these activities as fact.

30. The referee's findings concerning claimant's ability to physically perform the jobs made available to him by employer is buttressed by the surveillance testimony presented by employer showing claimant working at the Ll Trini's Cafe, waiting on customers, performing physical labor, driving a van, lifting and carrying various items, mopping the floor and washing a window.

We agree with Employer that the surveillance report was provided to Claimant's counsel in a timely manner, with no violation of the Special Rules, and that the referee did not err in admitting the surveillance evidence. The private investigator did not testify until October 20, 1992, giving Claimant's counsel sufficient time to review the surveillance materials with her client and prepare any rebuttal testimony. Moreover, the Special Rules give the referee, "in the exercise of sound discretion and for good cause," the authority to shorten or extend the time constraints set forth in the rules. (*See* Section 131.12 of the Special Rules.)

■ Even if the surveillance evidence were improperly admitted and relied upon by the referee, we are satisfied that the referee's determination that Claimant could perform the two light duty positions made available to him was based upon sufficient, com-

---

1. Of course, the scope of our review is limited to determining whether constitutional rights have been violated, an error of law committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Ad-

ministrative Agency Law, 2 Pa.C.S. § 704; *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

petent evidence. The referee weighed the conflicting medical testimony and specifically found that the testimony of Dr. Balasubramanian was more credible and persuasive than the testimony of Dr. Glick, and accepted Dr. Balasubramanian's testimony as fact. (Findings of Fact No. 19.) As noted above, Dr. Balasubramanian concluded that Claimant was capable of performing light duty work, and specifically approved the eight job referrals, including the positions at Wackenhut Security and General Security Company. The referee explicitly stated in Finding of Fact No. 30, quoted above, that the surveillance evidence only "buttressed" her determination, and was not the sole basis for the decision.

Claimant also argues that the referee erred in finding that the positions at Wackenhut Security and General Security were available to him. Claimant asserts that Employer did not establish work availability because an accurate picture of Claimant's physical condition was not reported to prospective employers. He also argues that the findings of job availability were based on inadmissible hearsay evidence. We do not agree with Claimant's arguments.

Analysis of the work availability issue is governed by the well settled law that:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he had in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987).

■ Claimant maintains that there is no evidence in this case to satisfy the first requirement of *Kachinski*, that the Employer produce medical evidence of change in condition. We believe, however, that Dr. Balasubramanian's testimony does provide substantial evidence to satisfy Employer's burden with regard to this requirement.

Dr. Balasubramanian testified that at the time of his examination of Claimant on July 26, 1990, Claimant had "good range of motion of the back and flexion, extension, and forward flexion," and opined that although Claimant had sustained a herniated disc at L5–S1, "he has done well after surgery." (Deposition of Dr. Balasubramanian at 10–11.) As found by the referee:

> Dr. Balasubramanian opined that Claimant could not return to work at his former job, but that he was able to work at a light duty job and he approved eight positions as within Claimant's physical restrictions.

(Finding of Fact No. 6.) Claimant's physician, Dr. Glick, testified that Claimant could not return to his former employment as an auto mechanic or perform any other work. (Deposition of Dr. Glick at 17.) The referee resolved the conflict in the testimony in Employer's favor, finding the testimony of Dr. Balasubramanian more credible and persuasive and accepting it as fact. (Finding of Fact No. 19.) We conclude that the referee's findings are supported by substantial evidence.

■ With regard to the second requirement of *Kachinski*, Claimant argues that Employer did not establish work availability because the vocational counselor did not inform prospective employers of Claimant's physical limitations. We recognize that under *Kachinski*, a job is not "actually available" unless there is evidence that the employer named was willing to accept the claimant as an employee with his current physical limitations. *Brown v. Workmen's Compensation Appeal Board (Cooper Jarrett, Inc.)*, 150 Pa.Commonwealth Ct. 614, 616 A.2d 121 (1992), *appeal denied*, 533 Pa. 637, 621 A.2d 582 (1993); *Young v. Workmen's Compensation Appeal Board (Weis Markets, Inc.)*, 113 Pa.Commonwealth Ct. 533, 537 A.2d 393, *appeal denied*, 520 Pa. 622, 554 A.2d 513 (1988).

Employer has met its burden of establishing that work was available within Claimant's capabilities. Dr. Balasubramanian approved the eight positions which Claimant was capable of performing, and these positions were referred to Claimant. The vocational counselor testified that notice of each of the positions was forwarded to Claimant by first-class and certified mail. Moreover, Claimant himself testified that he contacted someone at most of the places to which he was referred. Citing *Young* and *Brown*, Claimant argues that despite this evidence, Employer did not act in good faith with regard to the job referrals because there was no evidence that the prospective employers were informed about Claimant's physical limitations.

In *Young*, the employer's vocational counselor testified that she told prospective employers she was attempting to locate work for someone with a "foot problem" who could not do extensive walking, could not stand all day, or do heavy lifting. She did not tell the employers that the claimant was a methadone addict, that he had undergone seven back operations in three years, and that he had not worked in six years. We held that this failure to inform the employers of the claimant's limitations does not make for good faith effort to establish actual job availability under *Kachinski*, because there was no evidence that the employers would have accepted an application from the claimant had they known of his extreme limitations. Following *Young*, we held in *Brown* that the employer did not prove job availability because the vocational witness testified that he only told the prospective employers of the claimant's general disability, without specifying the actual limitations.

Recently, however, in *Delaware Valley Truck Parts v. Workmen's Compensation Appeal Board (Eskuchen)*, 168 Pa.Commonwealth Ct. 162, 649 A.2d 999 (1994), and *Oscar Mayer Foods Corp. v. Workmen's Compensation Appeal Board (McAllister)*, 167 Pa.Commonwealth Ct. 370, 648 A.2d 116 (1994), we distinguished *Young* and *Brown* in addressing the issue of the vocational counselor's duty to inform prospective employers of a claimant's physical limitations. In *Oscar Mayer*, we concluded:

Nowhere in *Young, Brown,* or *Kachinski* is there a requirement that employers be provided with *all* of a claimant's medical information. Under *Kachinski*, employers must be informed of the category of work for which the claimant has been cleared to perform; e.g., light-duty, sedentary work. An employer must also be informed of the physical restrictions placed upon claimant's abilities. It is not necessary for the employer to be informed of the precise nature of Claimant's disability.

*Id.* at 379, 648 A.2d at 120.

In *Delaware Valley Truck Parts,* the claimant, who was restricted to lifting 50 pounds, was referred to a cashier's job with a 5 pound lifting requirement. The claimant admitted that he did not apply for the job, and the referee granted a modification. The Board reversed, however, concluding that the job was not actually available because the employer did not inform the prospective employer of all of the claimant's physical limitations and did not present evidence that the employer was willing to hire the claimant with those restrictions. Reversing the Board, we concluded that the claimant's limitations (specifically the 50–pound lifting restriction) were not relevant to the duties required by the referred job and we held:

A reasonable employer would not need to know that a claimant was unable to perform duties that were not required by the position. Therefore, we conclude that under the facts of this case, Employer was required to relay to the prospective employer only those physical restrictions that are relevant to the duties of the job referred to Claimant.

*Id.* at 168–69, 649 A.2d at 1002.

In the case at bar, the vocational counselor testified that even though he did not meet with Claimant, he reviewed medical records and spoke with Employer in order to prepare an assessment of residual employability on Claimant. He then obtained an estimated functional capacities form from Dr. Balasubramanian, and used this information to locate eight light-duty jobs within the restrictions provided. Job descriptions, which included the physical requirements, were approved by Dr. Balasubramanian for each position. With regard to each job description, the vocational counselor testified that the

position fell within the restrictions provided by Dr. Balasubramanian.

We are satisfied that Employer has met its burden of proof with regard to the second requirement under *Kachinski.* The vocational counselor prepared the job descriptions and completed the physical requirements form for each position with information obtained from the prospective employers. Claimant's restrictions were certainly conveyed in the course of discussing the requirements. Any of Claimant's physical limitations which were not discussed were irrelevant to the position. As we concluded in *Delaware Valley Truck Parts,* the prospective employers would not need to know that Claimant was unable to perform duties that were not required by the position.

Claimant also contends that the referee's findings on job availability were erroneously based upon the hearsay testimony of the vocational witness regarding follow-up conversations by another counselor, under his supervision, with the prospective employers. Citing our decision in *McCray v. Workmen's Compensation Appeal Board (Preschool Development Programs, Inc.),* 167 Pa.Commonwealth Ct. 402, 648 A.2d 348 (1994), Claimant argues that the Judge erred as a matter of law in overruling his objections to this testimony and relying on it in rendering her decision.

This contention is disingenuous in that Claimant attempts to link alleged hearsay evidence with jobs availability referrals which Employer has the burden of proving as the second prong of the *Kachinski* test. We have stated above that Employer has met this.

The alleged hearsay evidence deals with the third prong of the test, i.e., the Claimant's proof that he followed through on the job referrals in good faith. Assuming arguendo that referee erred in admitting objected-to hearsay offered by Employer on this issue, it does not affect the result. Employer had no burden to meet on this issue.

It was strictly Claimant's burden that he in good faith followed through on the job referrals. So, disregarding all the objected-to testimony as if the referee had totally excluded it, the question is whether Claimant has met his burden on the basis of all the other evidence offered.[2]

Without making any reference whatsoever to the objected testimony, the referee stated in Findings of Fact No. 29 as follows:

The Referee does not find Claimant's testimony credible concerning his efforts at calling the jobs of which he was notified and therefore the Referee finds that Claimant did not exercise good faith.

We are satisfied that this finding is supported by substantial evidence.

Claimant testified that he contacted Wackenhut Security on the telephone after receiving the referral letter. He did not, however, believe that he was able to perform that job. He testified that Wackenhut "needed somebody to walk the grounds" and he told them "I won't be able to do it because I can't walk but so far." (August 24, 1992 Hearing, N.T., p. 26) Claimant also stated that Wackenhut wanted him to climb stairs, and he told them that he could not. Claimant did not testify that he filled out an application for Wackenhut Security or received an interview. Claimant also did not testify that he followed through in any way with the position at General Security Company.[3]

Accordingly, we affirm the decision of the Board affirming the referee's decision granting the modification petition of Employer and reducing Claimant's benefits.

### ORDER

AND NOW, this 15th day of June, 1995, the order of the Workmen's Compensation Appeal Board is affirmed.

**2.** This is wholly consistent with the analysis set forth by the Supreme Court in *Kachinski.* The third requirement for a modification places the burden on the *claimant* to prove that he has in good faith followed through on a job referral. The employer's burden under *Kachinski* to prove a referral of an available job does not include the

burden of proving that the claimant did not follow through with the referral.

**3.** Claimant testified that he did not recall whether or not he received a letter regarding General Security Company.