OSF

**Taylor v. Woods Rehabilitation Service**

C.P. of Northampton County, no. C0048CV 2001003443.

*Thomas Aristide,* for plaintiff.
*Michael Dunn,* for defendants.

McFADDEN, *J.,* November 4, 2004—Presently before the court is the defendants', Woods Rehabilitation Service and Dana L. Chattin, motion for summary judgment. Pursuant to this motion defendants seek judgment as a matter of law on all three claims of the plaintiff. This matter was assigned to the Honorable F.P. Kimberly McFadden from the August 31, 2004 argument list. Following oral arguments and review of the briefs submitted and the file, this matter is now ready for disposition.

## FACTUAL/PROCEDURAL HISTORY

On August 14, 1996, Mr. Taylor was injured on the job while working for the Bethlehem Area School Disrict.

As a result of this injury, Mr. Taylor suffers from various conditions including the inability to use and control his bowel and bladder movements. Since the incident, Mr. Taylor has been on medical leave from the Bethlehem Area School District and continues to receive workers' compensation benefits pursuant to the Pennsylvania Workers' Compensation Act.

At the time of the incident, Bethelehem Area School District had engaged Selestech Inc. as a third-party administrator to administer the workers' compensation benefits to the school district's injured employees. Selestech Inc., in turn, retained the defendants to provide vocational rehabilitation services for the plaintiff. Defendant Woods Rehabilitation Services assigned defendant Dana Chattin to the plaintiff's case to provide vocational rehabilitation services. Defendants provided ongoing vocational rehabilitation services for the plaintiff, including securing job interviews for Mr. Taylor.

On May 3, 2001, plaintiff initiated this action against the defendants for vocational malpractice, breach of contract, and intentional infliction of emotional distress. Plaintiff alleges that defendants failed to take into consideration and inform potential employers of plaintiff's limitations regarding bowel and bladder control. On December 6, 2002, defendants filed a motion for summary judgment, asserting improper jurisdiction and failure of the claims on their merits. The Superior Court reversed this court's decision from May 1, 2003, and denied defendants' motion on March 30, 2004. In its decision, the Superior Court held that plaintiff's claims are not barred by the exclusivity of remedy provisions of the Pennsylvania Workers' Compensation Act. The

Superior Court, however, did not comment on the merits of the plaintiff's underlying claim.

Defendants filed this second motion for summary judgment on July 20, 2004, asserting failure of the plaintiff's claims on the merits. We will address each in turn.

## LEGAL STANDARD

A court may grant summary judgment only in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998). Pennsylvania Rule of Civil Procedure 1035.2 provides, in pertinent part, as follows:

"After the relevant pleadings are closed, but within such a time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law.

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The underlying goal of this rule is to provide a means of avoiding the trial of cases where a party "lacks the beginnings of evidence to establish or contest a material issue." *Ertel v. Patriot-News Co.,* 544 Pa. 93, 100, 674

A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d. 401 (1996). The court may properly grant summary judgment where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Ducjai v. Dennis,* 540 Pa. 103, 113, 656 A.2d 102, 107 (1995).

The moving party bears the burden of proving that there are no genuine issues of material fact remaining. *First Wisconsin Trust Co. v. Strausser,* 439 Pa. Super. 192, 198, 653 A.2d 688, 691 (1995). Once the moving party has met this burden, the non-moving party is required to "adduce sufficient evidence on [the] issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor." *Ertel,* 544 Pa. at 101-102, 674 A.2d at 1042. The non-moving party may not rest on the pleadings, but must demonstrate to the court that a genuine dispute of material fact exists. *New York Guardian Mortgage Corp. v. Dietzel,* 362 Pa. Super. 426, 429, 524 A.2d 951, 952 (1987).

In summary judgment proceedings, "it is not the court's function to determine the facts, but only to determine if an issue of material fact exists." *Fogle v. Malvern Courts Inc.,* 701 A.2d 265, 266 (Pa. Super. 1997), *aff'd,* 554 Pa. 633, 722 A.2d 680 (1999). "Summary judgment is properly granted 'if, after the completion of discovery relevant to the motion, . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.' " *Costa v. Roxborough Memorial Hos-*

*pital,* 708 A.2d 490, 493 (Pa. Super. 1998), *appeal denied,* 556 Pa. 691, 727 A.2d 1120 (1998).

## DISCUSSION

Plaintiff first alleges that defendants committed vocational malpractice by not informing potential employers of plaintiff's limitations regarding his bowel and bladder control. In order to support a claim of vocational malpractice, plaintiff must present evidence of a duty, breach, causation and damages. See *Crivellaro v. Pennsylvania Power & Light Co.,* 341 Pa. Super. 173, 181, 491 A.2d 207, 211 (1985). Defendants assert that summary judgment should be granted because, as a matter of law, defendants did not owe a duty to plaintiff and, even if there was a duty, plaintiff did not incur damages as a result of defendants' actions or failure to act. Plaintiff, on the other hand, asserts that defendants, as vocational experts, owed a duty to plaintiff to consider the injured worker's impairments, and, more specifically, to inform prospective employers of plaintiff's condition regarding his bowel and bladder control.

We agree with defendants that they did not owe a duty to plaintiff to advise prospective employers of *all* medical conditions. According to the Commonwealth Court, it is not necessary to inform a prospective employer of all of a claimant's medical information or of the precise nature of a claimant's disability. See *Sakell v. W.C.A.B. (Ridgaway Philips Health Care Center),* 651 A.2d 704, 707 (Pa. Commw. 1994), *petition for allowance of appeal denied,* 541 Pa. 647, 663 A.2d 698 (1995); *Delaware Valley Truck Parts v. W.C.A.B. (Eskuchen),* 168 Pa.

Commw. 162, 649 A.2d 999 (1994). As expressed in *Delaware Valley Truck Parts,* however, a prospective employer need only be informed of those physical restrictions that are relevant to the duties of the proffered job." *Id.* at 169, 649 A.2d at 1002.

In the case at bar, defendants were hired to assess plaintiff's skills and abilities and set up interviews with prospective employers. Defendants did just that. To hold that defendants, as vocational experts, are required to inform prospective employers of every medical impairment of plaintiff would be too onerous a burden, not to mention impractical. Thus, we find that defendants did not have the specific duty to inform prospective employers of the plaintiff's bowl and bladder control.

Furthermore, plaintiff asserts that, due to the failure of defendants to inform prospective employers of plaintiff's condition, plaintiff was allegedly damaged by being in a "catch 22" because plaintiff either had to publicly humiliate himself by disclosing his conditions or risk losing or reducing his workers' compensation benefits. However, there is no evidence to suggest that plaintiff suffered actual damages. Therefore, defendants' motion for summary judgment based on vocational malpractice is granted.

Plaintiff next claims that defendants breached their contract. Defendants assert that summary judgment should be granted because plaintiff was not an intended third-party beneficiary of the contract between defendant Woods and Selestech. We are unable to grant defendants' motion, however, because questions of material fact exist as to whether plaintiff was an intended third-party beneficiary.

Plaintiff also asserts a cause of action against defendants based on intentional infliction of emotional distress. Defendants move for summary judgment on the grounds that plaintiff cannot produce evidence of a prima facie case that defendants' conduct is so outrageous so as to permit recovery. Furthermore, defendants assert that plaintiff's claim should be dismissed because it is based on a "failure to act," and there is no right to recover for intentional infliction of emotional distress based upon a defendant's alleged failure to act. We agree. According to the Superior Court, there is no liability pursuant to section 46 of the Restatement (Second) of Torts where the failure to act, *i.e.,* negligence of a party, forms the basis of the claim. *Jackson v. Sun Oil Co. of Pennsylvania,* 361 Pa. Super. 54, 58-59, 521 A.2d 469, 471 (1987).

Because the plaintiff's claim is based on the failure of the defendants to inform prospective employers of plaintiff's condition, as a matter of law, defendants' motion for summary judgment based on intentional infliction of emotional distress is granted.

Defendants also seek to dismiss plaintiff's claims against defendant Chattin individually. Because plaintiff did not respond to defendants' motion regarding defendant Chattin, plaintiff has waived this right under Pa.R.C.P. 1035.3. Therefore, defendants' motion for summary judgment dismissing defendant Chattin is granted.

## CONCLUSION

For the above-stated reasons, we are granting defendants' motion for summary judgment in part and denying defendants' motion in part.

Wherefore, we enter the following:

## ORDER

And now, November 4, 2004, upon consideration of defendants' motion for summary judgment, it is hereby ordered and decreed that defendants' motion with regards to plaintiff's claims of vocational malpractice and intentional infliction of emotional distress, and dismissal of defendant Chattin individually are hereby granted, and defendants' motion with regards to plaintiff's claim of breach of contract is hereby denied.