## Cicero v. Cominsky

*Glenn A. Krotick,* for plaintiffs.

*Joseph Van Jura,* for defendant Cominsky Insurance Associates.

*Joseph Rydzewski,* for defendant U.S.F. & G. Insurance Company.

MUNDY, *J.,* July 7, 1995—This matter is before the court on the preliminary objections of the defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, in the nature of two motions to strike.

The first motion relates to allegedly violative language contained in paragraph 24 of the plaintiffs' amended complaint, and the second, more appropriately a demurrer, relates to plaintiffs' alleged failure to state a cause of action against the objecting defendant in Count VI of the amended complaint.

By way of brief background the plaintiffs filed their amended complaint on November 10, 1994, wherein they claim various damages as the result of the defendants' alleged failure to provide business interruption insurance coverage.

Subsequent thereto, on November 22, 1994, the objecting defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, timely filed the aforesaid preliminary objections.

As to the first motion to strike, the objecting defendant maintains that the words "including but not limited to" contained in Count III, paragraph 24, are overly broad, conclusionary, and insufficiently specific, denying said defendant of the knowledge of what plaintiff intends to prove and depriving him of the ability to adequately prepare for trial.

The allegedly offending paragraph states:

"(24) Plaintiffs suffered the damages described herein as a result of the careless and negligent conduct of the defendants, *including but not limited to:* "

Rule 1019(a), Pa.R.C.P., states:

"(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

In addressing said rule, the Superior Court of this Commonwealth, in *Laursen v. General Hospital of Monroe County,* 259 Pa. Super. 150, 393 A.2d 761 (1978) stated:

"While Pennsylvania pleadings are no longer controlled by formalistic rules, it is still important that the complaint apprise a defendant of the nature and extent of the plaintiff's claim: . . . Pleadings serve the function of defining issues and giving notice to the opposing party of what the pleader intends to prove at trial so the opposition may, in turn, prepare to meet such proof with its own evidence." *Id.* at 160, 393 A.2d at 766. (citations omitted)

To allow the aforesaid language is violative of the aforesaid statement of law, as well as Pa.R.C.P. 1019, said language not providing all of the material facts upon which the cause of action is based and allowing potential of permitting the plaintiff to prove facts not pled, of which the defendant would have no notice.

In the second motion contained in the preliminary objections, more appropriately a demurrer, the defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, maintains that he is not an "insurer" under the statutory language at issue and, such being the case, further maintains that the plaintiffs have failed to set

forth a legally cognizable cause of action against him in Count VI of their amended complaint.

Preliminary objections in the nature of a demurrer admit the truth of the factual averments of the complaint, as well as all inferences reasonably deducible therefrom. "If the complaint fails to set forth a cause of action, the demurrer must be sustained." *Abadie v. Riddle Memorial Hospital,* 404 Pa. Super. 8, 11, 589 A.2d 1143, 1144 (1991); *Crivellaro v. Pennsylvania Power & Light Co.,* 341 Pa. Super. 173, 177, 491 A.2d 207, 209 (1985).

Count VI of the plaintiffs' complaint is based upon the statutory remedy found in 42 Pa.C.S. §8371 which states:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent;

"(2) Award punitive damages against the insurer;

"(3) Assess court costs and attorney fees against the insurer."

Plaintiffs' complaint identifies the defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, in paragraph 2 thereof, as follows:

"Defendant Joseph Cominsky, an adult individual engaged as an insurance agent, and doing business as Cominsky Insurance Associates at 1141 Wyoming Avenue, Forty Fort, Luzerne County, Pennsylvania."

The defendant, United States Fidelity and Guaranty Insurance Company, is identified in paragraph 3 as follows:

"Defendant United States Fidelity and Guaranty Insurance Company is a corporation duly authorized to do business as a provider of insurance in the Commonwealth of Pennsylvania with its offices located at 415 Wyoming Avenue, Scranton, Pennsylvania."

Finally, at paragraph 4, plaintiff alleges:

"That at all times relevant hereto, defendant Joseph Cominsky d/b/a Cominsky Insurance Associates was the agent, servant and/or employee of the defendant United States Fidelity and Guaranty Insurance Company acting within the course and scope of its agency and employment."

Section 8371, upon which Count VI is based, contains no definition of the term "insurer," and the courts of this Commonwealth have not, as yet, addressed that issue. The issue, however, has been addressed by the United States District Court for the Eastern District of Pennsylvania in *T & N P.L.C. v. Pennsylvania Insurance Guaranty Association,* 800 F. Supp. 1259 (E.D. Pa. 1992). Therein, in disposing of the issue by predicting how the Supreme Court of the Commonwealth would decide if confronted with the problem, the court held: ". . . it is generally recognized that an insurer issues policies, collects premiums, and in exchange assumes certain risks and contractual obligations."

Based upon the foregoing statement of law, as well as on the plaintiffs' own pleading, there is no question but that the defendant, United States Fidelity and Guaranty Insurance Company, is an insurer under the act. There is equally no question, however, that the defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, is not such an insurer.

The pleadings identify said defendant as an insurance agent, and further indicate that said defendant was the agent, servant and/or employee of the defendant, United

States Fidelity and Guaranty Insurance Company. In that capacity, assuming the accuracy of said pleadings as we must do for the purpose of this opinion, it is clear that the objecting defendant neither issues policies nor assumes certain risks and contractual obligations in exchange for the payment of the premiums on those policies.

Therefore, notwithstanding that the defendant, United States Fidelity and Guaranty Insurance Company, may be liable for the acts of the objecting defendant, should said acts rise to the level of bad faith, the objecting defendant is not an insurer as required by the statutory language at issue.

Such being the case, the plaintiffs have failed to set forth a legally cognizable cause of action in Count VI against the objecting defendant.

Based upon all of the foregoing, the court enters the attached order.

## ORDER

And now, July 7, 1995, it is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objection of the defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, in the nature of a motion to strike the language "including but not limited to," from paragraph 24 of the plaintiffs' amended complaint is sustained;

(2) The preliminary objection of the defendant, Joseph Cominsky, d/b/a Cominsky Insurance Associates, in the nature of a demurrer to Count VI of plaintiffs' amended complaint for failure to state a cause of action upon which relief can be granted against the defendant is sustained; and

428

(3) The prothonotary is directed to send notice of the entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.