## M. A. Bruder & Sons Inc. v. Williams

C.P. of Monroe County, no. 159 Civil 2000.

*Mattes & Mattes*, for plaintiff.
*Edwin L. Stock*, for defendant Steubner.
*David J. Jordan*, for defendant Williams.

WORTHINGTON, *J.,* June 29, 2000—Plaintiff filed a writ of summons on January 11, 2000 and an amended writ of summons on January 12, 2000. On February 28, 2000, counsel for defendants E.R. Stuebner Inc. and U.S. Fidelity & Guaranty Co., n/k/a St. Paul Fire & Marine[1] filed a praecipe to issue a rule upon plaintiff to file a complaint against all three defendants. Plaintiff filed a

---

1. Both Stuebner and St. Paul are represented by the same counsel and the preliminary objections for counts relating to both parties are contained in the same filing.

timely complaint on March 20, 2000. On April 10, 2000, counsel for Stuebner and St. Paul filed preliminary objections and a supporting brief. Plaintiff filed a response and an opposing brief on June 2, 2000. Oral argument was heard on June 5, 2000. We are now ready to dispose of Stuebner's and St. Paul's preliminary objections.

Stuebner and St. Paul have filed a preliminary objection in the nature of a demurrer to Count III, V and VI of plaintiff's complaint and a preliminary objection for insufficient specificity to Count IV. In ruling on preliminary objections in the nature of a demurrer, the court must accept as true all well-pleaded facts and all reasonable inference that can be deduced from those facts. *Turner v. Pennsylvania Board of Probation and Parole,* 749 A.2d 1018, 1020 (Pa. Commw. 2000). The court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations or expressions of opinion. *Myers v. Ridge,* 712 A.2d 791, 794 (Pa. Commw. 1998), *petition for allowance of appeal denied,* 560 Pa. 677, 742 A.2d 173 (1999).

The question presented by a demurrer is whether on the facts averred the law says with certainty that no recovery is possible. *McKeeman v. Corestates Bank N.A.,* 751 A.2d 655 (Pa. Super. 2000). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Emerich v. Philadelphia Center for Human Development,* 554 Pa. 209, 213, 720 A.2d 1032, 1034 (1998). Stuebner's and St. Paul's first preliminary objection in the nature of a demurrer is against Count III of plaintiff's complaint. Count III contains a bad faith claim pursuant to 42 Pa.C.S. §8371 against St. Paul and a claim that St. Paul's actions

constituted an unfair or deceptive act or practice in violation of the Pennsylvania Unfair Insurance Practices Act, 40 P.S. §1171.1 et seq. We will address each statute in turn.

42 Pa.C.S. §8371 states:

"In an action under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent;

"(2) Award punitive damages against the insurer; and

"(3) Assess court costs and attorney fees against the insurer."

Stuebner and St. Paul assert, and we agree, that the threshold question is whether St. Paul's surety bond is an insurance policy for the purposes of section 8371. Plaintiff cites *Turney Construction Co. v. First Indemnity of America Insurance Co.,* 829 F. Supp. 752 (E.D. Pa. 1993) and *Reading Tube Corp. v. Employers Insurance of Wassau,* 944 F. Supp. 398 (E.D. Pa. 1996) as extending section 8371 to include surety bonds. Stuebner and St. Paul argue that *Superior Precast Inc. v. Safeco Insurance Co. of America,* 71 F. Supp.2d 438 (E.D. Pa. 1999) is controlling in the present case. It stands for the proposition that a surety contract is distinct from an insurance policy and therefore 42 Pa.C.S. §8371 does not apply to the facts in the present matter.

In *Turner Construction Co. v. First Indemnity of America Insurance Co.,* 829 F. Supp. 752, 763 (E.D. Pa. 1993), the federal court of the Eastern District of Pennsylvania addressed whether the defendant's conduct con-

stituted bad faith pursuant to section 8371. The district court never addressed whether section 8371 extends to surety bonds and it appears from the opinion that none of the parties to the litigation raised the issue. Although the district court in that case proceeded under the belief that section 8371 included surety bonds, it never addressed the issue squarely and therefore plaintiff's reliance on this case is mistaken.

Plaintiff also cites *Reading Tube Co. v. Employers Insurance of Wassau,* 944 F. Supp. 398 (E.D. Pa. 1996), as standing for the proposition that surety bonds are within the scope of section 8371. Plaintiff's reliance on such is also mistaken. The district court in that case relied on *Turner, supra,* in applying section 8371 to a surety bond without undertaking an analysis of whether section 8371 was meant to include surety bonds. The district court's entire analysis is contained in the following sentence:

"Courts have extended this statute to actions against sureties for failure to honor performance bonds. See *Turner Construction Co. v. First Indemnity of America Insurance Co.,* 829 F. Supp. 752 (E.D. Pa. 1993) (considering whether there were sufficient facts to entitle plaintiff to damages against performance bond surety for bad faith under section 8371)." *Reading Tube Co.,* 944 F. Supp. at 403.

The issue of whether a surety bond falls within the scope of section 8371 was never addressed in either case and it appears that none of the named parties disputed this issue before the district court.

In *Superior Precast Inc. v. Safeco Insurance Co. of America,* 71 F. Supp.2d 438 (E.D. Pa. 1999), the federal court for the Eastern District of Pennsylvania squarely

addressed the issue of whether a surety bond falls within the scope of section 8371. The district court first sought guidance from the Pennsylvania Superior and Supreme Court and found that neither of these courts had addressed this issue. It also found that the Third Circuit Court of Appeals had never addressed this issue. In discussing *Turner, supra* and *Reading Tube Co., supra,* the district court stated:

"Thus, although both courts concluded, implicitly or explicitly, that a party could recover under section 8371 in an action against a surety under the right set of facts, neither had cause to address the specific issue presented to this court and these decisions therefore cannot control this court's statutory analysis." *Superior Precast,* 71 F. Supp.2d at 49.

The district court undertook an extensive analysis of the statutory language. It first found that the term "insurance policy" was not defined in the statute and therefore the court must apply its ordinary meaning. *Id.* at 451. The district court listed numerous cases and legal treatises that highlighted the vast differences between a surety bond and an insurance policy. The district court also refused to adopt the definition of insurance policy in 40 P.S. §1171.1 et seq. The court reasoned that "where a statutory term is specially defined in one statute but undefined in a later statute, a court must assume that the omission was intended by the legislature and that the special definition applies only to the one statute and not to the latter statute." *Superior Precast,* 71 F. Supp.2d at 454. The district court found that the term "insurance policy" in section 8371 did not include surety bonds.

In the present case, the court faces the same issue. Stuebner and St. Paul have filed a preliminary objection in the nature of a demurrer to plaintiff's bad faith allegation. The cause of action is based on a surety bond issued by St. Paul. The threshold question is whether a surety bond is an insurance policy for the purposes of section 8371. We agree with the well-reasoned analysis of the district court in *Superior Precast, supra,* and find that section 8371 was not intended to include surety bonds. Therefore, Stuebner's and St. Paul's preliminary objection in the nature of a demurrer to Count III of plaintiff's complaint is granted.

Stuebner and St. Paul also filed a preliminary objection in the nature of a demurrer to Count III of plaintiff's complaint on the grounds that 40 P.S. §1171.1 et seq. does not provide a private cause of action. 40 P.S. §1171.7 states:

"The commissioner may examine and investigate the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this act."

This statute gives the insurance commissioner of Pennsylvania sole authority to investigate claims pursuant to the Pennsylvania Unfair Insurance Practices Act 40 P.S. §1171.1 et seq. "It is well settled, however, that the UIPA does not provide a private citizen with a cause of action against an insurer." *Great West Assurance Co. v. Levithan,* 834 F. Supp. 858, 863 (E.D. Pa. 1993); *Lombardo v. State Farm Mutual Automobile Insurance Co.,* 800 F. Supp. 208, 212 (E.D. Pa. 1992). Plaintiff in the present matter

is a private citizen attempting to bring a cause of action pursuant to 40 P.S. §1171.1. As it states in both 40 P.S. §1171.7 and in *Levithan, supra,* only the insurance commissioner may bring a claim pursuant to the UIPA. Therefore, Stuebner's and St. Paul's preliminary objection in the nature of a demurrer to the UIPA cause of action in Count III of plaintiff's complaint is granted.

Stuebner's and St. Paul's next preliminary objection in the nature of a demurrer requests that the court dismiss Count V of plaintiff's complaint. Count V alleges that plaintiff supplied goods to both Stuebner and Williams at their insistence for use in the Monroe County Area Vocational Technical School project. Plaintiff alleges that on or about March 3, 1999, plaintiff gave written notice to all three defendants that an obligation in the amount of $1,061.20 remained unpaid. Plaintiff referenced exhibit D of the plaintiff's complaint as evidence of that written notice. Plaintiff now requests that the court enter judgment against Stuebner and Williams in said amount.

Stuebner and St. Paul allege that the notice referenced as exhibit D is actually a notification to St. Paul of an unpaid obligation in regard to the Stroudsburg School project, not the Vo-Tech project. Stuebner and St. Paul argue that a conflict exists between plaintiff's averment and the writing referenced exhibit D of the complaint. They further argue that where an inconsistency exists between the allegations in a complaint and a written instrument, the latter will prevail. *Framlau Corp. v. Delaware County,* 223 Pa. Super. 272, 277, 299 A.2d 335 (1972). Further, when such inconsistency exists, a de-

murrer will not admit the truth of the averments in the complaint that conflict with the exhibit. *Id.*

We find that no such inconsistency exists in the present case. Although exhibit D is a letter in regard to the Stroudsburg School project and plaintiff's averments in Count V concern the Vo-Tech project, this is insufficient to grant Stuebner's and St. Paul's preliminary objection in the nature of a demurrer. The exhibit and the averment are not in direct conflict. Exhibit D is proof that a written notice was sent to defendants regarding the Stroudsburg School project. Proof that this letter was sent does not contradict the fact that another letter could have been sent as alleged in the plaintiff's complaint. Whether written notice was sent with regard to the Vo-Tech project is a question of fact to be resolved by the trier of fact at trial. Therefore, Stuebner's and St. Paul's preliminary objection in the nature of a demurrer to Count V of plaintiff's complaint is dismissed.

Stuebner and St. Paul also assert that because of the contradiction between the averment and exhibit D, the court cannot admit the truth of the averment in assessing whether plaintiff's cause of action is legally sufficient. Therefore, without this averment plaintiff has no basis upon which to assert its claim against Stuebner and Williams. Since we have already dismissed Stuebner's and St. Paul's preliminary objection in the nature of a demurrer to Count V of plaintiff's complaint, we need not address this claim as it is moot.

Stuebner's and St. Paul's next preliminary objection in the nature of a demurrer requests that the court dismiss Count VI. Count VI of plaintiff's complaint was filed against St. Paul, alleging that St. Paul issued a pay-

ment bond for materials supplied to the Vo-Tech project. Plaintiff also alleges that plaintiffs have made a demand for payment and St. Paul has failed to honor the bond. Plaintiff requests relief in the amount of $1,061.20.

Stuebner and St. Paul argue that the court should grant their preliminary objection in the nature of a demurrer because plaintiff has failed to allege that a proof of claim for this amount has been submitted to St. Paul as required by the terms of the payment bond. Without submitting a proof of claim for the amount owed, plaintiff's claim is not ripe for disposition. St. Paul has not at this juncture breached their duty of payment in regard to the Vo-Tech project. Without plaintiff's averment that plaintiff has filed a proof of claim with St. Paul, the court finds no method of recovery. St. Paul has not breached any duty owed and therefore the court can find no cause of action under which plaintiff can make a viable claim. Therefore, Stuebner and St. Paul's preliminary objection in the nature of a demurrer to Count VI of plaintiff's complaint is granted.

Defendants Stuebner and St. Paul also filed a preliminary objection on the grounds of insufficient specificity in the pleadings of Count IV of plaintiff's complaint. In Count IV, plaintiff brings a claim against Williams for a separate amount owed on a "shop account." Plaintiff alleges that at the demand of Williams, plaintiff supplied Williams with goods and merchandise as outlined in exhibit J of the complaint. Plaintiff alleges that it has not been paid on this "shop account" and therefore requests that the court enter judgment in his favor against Williams in the amount of $23,589.83 plus attorneys fees, costs, interest and punitive damages. Stuebner and St.

Paul allege that plaintiff refers in Count IV to defendants (plural) although Count IV is initially captioned solely against Williams. Stuebner and St. Paul file this preliminary objection against plaintiff on the grounds of insufficient specificity because it is unclear as to whether plaintiff directs Count IV only against Williams or against all three defendants.

When considering a claim of insufficient specificity, the court must determine if the pleading "adequately explain[s] the nature of the claim to the opposing party so as to permit him to prepare a defense." *Drapeau v. Joy Technologies Inc.,* 447 Pa. Super. 560, 574, 670 A.2d 165, 172 (1996) (Beck, J.) (concurrence) (citing *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966) *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967)). The court finds that Count IV is specifically against Williams. Typed just below "Count IV" in the complaint is the caption *"M.A. Bruder v. Williams."* In paragraph 30, plaintiff specifically alleges that Count IV concerns a separate "shop account" held by Williams only. At oral argument, counsel for plaintiff argued that the plural term was used because in the caption to the complaint, any cause of action against defendant Williams includes a cause of action against David Williams both individually and d/b/a Painting & Maintenance Service, a/k/a Williams Painting Service, a/k/a Williams Maintenance Service. These indications are sufficiently clear as to put Stuebner and St. Paul on notice that Count IV only concerns Williams. Therefore, Stuebner's and St. Paul's preliminary objection is dismissed.

Accordingly, we enter the following order:

## ORDER

And now, June 29, 2000, in consideration of the preliminary objections filed by defendants E.R. Stuebner Inc. and U.S. Fidelity & Guaranty Co., n/k/a St. Paul Fire & Marine, it is ordered as follows:

(1) The first preliminary objection in the nature of a demurrer to Count III of plaintiff's complaint is granted.

(2) The second preliminary objection in the nature of a demurrer to Count V is dismissed.

(3) The third preliminary objection in the nature of a demurrer to Count VI is granted.

(4) The fourth preliminary objection for insufficient specificity in the pleadings of Count IV of the plaintiff's complaint is dismissed.

Pursuant to Pa.R.C.P. 1028(e), defendants E.R. Stuebner Inc. and U.S. Fidelity & Guaranty Co., n/k/a St. Paul Fire and Marine shall file an answer to plaintiff's complaint within 20 days of the date of this order.